**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HENRY ALVAREZ,

    Plaintiff,

v.                                                                        1:09-cv-48-CG-DJS

MESA FINANCIAL OF LAS VEGAS, INC.,

    Defendant.

## DECISION

The issue in this case is whether, in conjunction with a loan, Defendant made certain disclosures to Plaintiff, as required by the Truth In Lending Act (TILA), 15 U.S.C. § 1601 et seq., and its companion Regulation Z, 12 C.F.R. § 226. The Court, having considered the evidence presented on April 28, 2010, together with the *Mutually Approved Proposed Findings of Fact* (Doc. 38), the applicable portions of the *Pretrial Order* (Doc. 32), and the *Proposed Findings of Fact and Conclusions of Law* (Docs. 36, 37, 43, 52) submitted by the parties, and being fully advised about all issues in this case, enters the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.     Plaintiff purchased a mobile home in January of 2008, which was financed by Defendant.

2.     Defendant is a New Mexico corporation in good standing, operating a lending company in Las Vegas, New Mexico. It is licensed as a lender, small loan lender,

and motor vehicle sales finance company by the New Mexico Financial Institutions Division.

3. Plaintiff signed the "Combination Note, Security Agreement and Federal Disclosure Statement," which listed the amount financed, the finance charge, the annual percentage rate, the total of payments, the payment schedule, and the premium amounts for the property insurance and for the "single decreasing" (credit life) insurance.  *See* Ex. 17.

4. Plaintiff signed the "Insurance Statement" in three places.  His first signature indicates that he wanted credit life insurance.  His second signature indicates that he wanted property insurance.  His third signature indicates that he understood that he was not obligated to purchase insurance from Defendant and was free to purchase insurance from "the insurance company or agent of my choice." *See* Ex. 18.

5. Plaintiff signed a written disclosure form indicating that neither credit life insurance nor property insurance was required to obtain credit from Defendant.  *See* Ex. 20.

6. Plaintiff, in his own handwriting, completed a beneficiary designation form for the credit life insurance.  *See* Ex. 18.

7. Plaintiff, in his own handwriting, completed a list of his personal property to be covered by the property insurance, and he estimated the value of each piece of property, writing those values on the form himself.  *See* Ex. 22.

8. Plaintiff wanted the credit life insurance and property insurance coverage, which are at issue in this case.

9. Plaintiff generally understood what credit life insurance and the beneficiary designation were.

10. Plaintiff generally understood what the property insurance was and what pieces of his property were covered.

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and the Court has jurisdiction over the parties.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place when this action is pending.

3. The applicable law controlling this cause of action is TILA, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. § 226.

4. Defendant is a "creditor" as defined in TILA, 15 U.S.C. § 1602(f) and in Regulation Z, 12 C.F.R. § 226.2(a)(17).

5. Pursuant to TILA, Defendant was required to "disclose" certain terms of financing, which, at issue in this case, are: the amount financed, *see* §1638(a)(2)(A); the finance charge, *see* §1638(a)(3); the annual percentage rate, *see* §1638(a)(4); the total of payments, *see* §1638(a)(5); and the payment schedule, *see* §1638(a)(6).

6. Defendant made disclosures[1] to Plaintiff regarding the amount financed, the finance charge, the annual percentage rate, the total of payments, and the payment

---

[1] *See Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 952, n. 10 (10th Cir. 1996) (defining "disclosure" as "Act of disclosing. Revelation; the impartation of that which is secret, or not fully understood" by comparison with TILA in context of Fair Debt Collection Practices Act) (internal quotation marks omitted); *Jackson v. Check 'N Go of Ill.*, 123 F. Supp. 2d 1079, 1085 (defining disclosure as "opening up to view, revelation, discovery, exposure" in context of TILA) (internal quotation marks omitted).

schedule because Plaintiff signed a form that included this information. *See generally* 15 U.S.C. §1638(a)(2)–(6).

7. Pursuant to TILA, Defendant was required to make the disclosures referred to in Conclusion Numbers 5 and 6, "before credit was extended" and to make such disclosures "conspicuously segregated from other terms." *See* 15 U.S.C. §1638(b)(1). Pursuant to Regulation Z, Defendant was required to make the disclosures referred to in Conclusion Numbers 5 and 6 "before consummation of the transaction." *See* 12 C.F.R. § 226.17(b).

8. The Court is satisfied that Defendant made the disclosures referred to in Conclusion Numbers 5 and 6 before the transaction was consummated and credit was extended and that the disclosures were conspicuously segregated from the other terms in compliance with TILA and Regulation Z. *See generally* 15 U.S.C. §1638(b)(1); 12 C.F.R. § 226.17(b).

9. Defendant was required to comply with Regulation Z regarding the credit life insurance and property insurance. *See* 12 C.F.R. § 226.4(b)(7)–(8) (requiring premiums for such insurance to be included in the finance charges unless specifically excluded in § 226.4 (c)–(e)); 12 C.F.R. § 226.4(d)(1)–(2) (specifically excluding premiums for credit life and property insurance where certain requirements are met).

10. Regarding the credit life insurance at issue in this case (*see generally* 12 C.F.R. § 226.4(d)(1)):

    a. Such insurance was not required by Defendant.

  b. The fact that such insurance was not required by Defendant was disclosed to Plaintiff in writing.

  c. The premium for such insurance was disclosed to Plaintiff.

11. Regarding the property insurance at issue in this case (*see generally* 12 C.F.R. § 226.4(d)(2)):

  a. Such insurance was not required by Defendant.

  b. The fact that such insurance was not required by Defendant was disclosed to Plaintiff in writing.

  c. The premium for such insurance was disclosed to Plaintiff.

12. Plaintiff failed to establish by a preponderance of the evidence that Defendant did not make the disclosures required by TILA and Regulation Z because the evidence shows that Defendant did, in fact, make the disclosures at issue to Plaintiff in satisfaction of the requirements in 15 U.S.C. §§ 1638(a)(2)–(6), 1638(b)(1) and 12 C.F.R. §§ 226.4(d)(1)–(2), 226.17(b).

13. All *Proposed Findings of Fact and Conclusions of Law* (Docs. 36, 37, 43) that are not contained in or consistent with this *Decision* are refused.

_____
**THE HONORABLE CARMEN E. GARZA**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**