**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HENRY ALVAREZ,

      Plaintiff,

      v.                                  1:09-cv-48-CG-DJS

MESA FINANCIAL OF LAS VEGAS, INC.,

      Defendant.

## ORDER DENYING
## PLAINTIFF'S MOTION TO RECONSIDER DECISION

**THIS MATTER** is before the Court on *Plaintiff's Motion to Reconsider Decision* (Doc. 55) and *Brief in Support of Plaintiff's Motion to Reconsider Decision* (Doc. 56) (collectively, "*Motion*"), filed on May 24, 2010, which the Court construes as a Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e).  The Court has considered the *Motion* along with *Defendant's Response to Plaintiff's Motion to Reconsider Decision* (Doc. 60), its accompanying *Memorandum in Opposition to Plaintiff's Motion for Reconsideration* (Doc. 61) (collectively, "*Response*"), and the relevant law.  Plaintiff did not reply and the time for so doing has passed.  Because Mr. Alvarez did not raise his argument in prior briefing, and because even if he had, it would have failed, the Court will DENY the *Motion*.

Mr. Alvarez' *Motion* is titled "Motion to Reconsider Decision."  (Doc. 55).  Motions to reconsider, however, are not expressly recognized by the Federal Rules of Civil Procedure.  *Computerized Thermal Imaging, Inc. v. Bloomberg, Ltd. P'ship*, 312 F.3d 1292,

1

1296 n.3 (10th Cir. 2002).  Courts may construe a motion for reconsideration in either of two ways:  if the motion is filed within the time allowed for a motion under Rule 59(e),[1] it should be construed as such; and if it is filed outside the time for a Rule 59(e) motion, it should be construed instead as a motion under Rule 60(b).  *See id.*  Mr. Alvarez filed his motion within the time allowed for a Rule 59(e) motion, and the Court therefore, construes his "Motion for Reconsideration of Decision" as a Motion to Alter or Amend a Judgment pursuant to Rule 59(e).

## Background

Mr. Alvarez filed a Complaint in this case on January 20, 2009, alleging that Defendant, Mesa Financial, had financed his purchase of a mobile home but had "failed to *disclose*[] the financing terms as required by the Truth in Lending Act ("TILA") [at] 15 U.S.C. §§ 1640 *et seq.*"  *Complaint for Damages* ("*Complaint*") (Doc. 1) at 1 (emphasis added). More specifically, Mr. Alvarez asserted that Mesa Financial "violated the TILA, 15 U.S.C. § 1601 *et seq.*, by failing to *disclose* the terms of financing, in writing, including the amount financed, annual percentage rate, finance charge, total of payments and security interest. . . . [as well as by] failing to *disclose* accurately the Finance Charge and the Annual Percentage Rate."  *Complaint* (Doc. 1) at 2–3 (emphases added).

Throughout the litigation, Mr. Alvarez continued to assert that Mesa Financial had failed to *disclose* certain information required by TILA.  For example, in the *Joint Status*

---

[1] The precedent case describes the construction of a motion to reconsider as hinging on whether the motion was filed with ten days of the entry of judgment.  *Computerized Thermal Imaging*, 312 F.3d at 1296 n.3.  It is not actually, however, the ten days that matters, rather it is whether the deadline for filing a Rule 59(e) motion has passed.  STEVEN BAICKER-MCKEE ET AL., FEDERAL CIVIL RULES HANDBOOK 1134 (West, 2010).  When *Computerized Thermal Imaging* was issued, the deadline for filing a Rule 59(e) motion was ten days after issuance of a judgment.  Fed. R. Civ. P. 59(e) (1995) (amended 2009).  The Federal Rules have since changed, and the deadline is now 28 days.  *Id.*

*Report and Provisional Discovery Plan* ("*JSR*"), filed by the parties on March 23, 2009,

Mr. Alvarez characterized his contentions as follows:

> Mr. Alvarez bought a mobile home from Mesa in August, 2007. On January 23, 2008 Mr. Al[v]arez traded his mobile home to Mesa in order to purchase a second mobile home. Mesa *failed to provide Mr. Alvarez with a retail installment contract or any other writing containing the terms of financing*, which involved more than 5 monthly payments and the payment of interest charges.
>
> Mesa charged Mr. Alvarez $79.86 for credit life insurance. This insurance coverage was required by the creditor. Mr. Alvarez did not separately sign or initial a request for that life insurance, after receiving the disclosures required by law. The charge for credit life insurance is a Finance Charge which was not disclosed as such.
>
> Mesa charged Mr. Alvarez $80.00 for dual interest property insurance. Mesa required Mr. Alvarez to purchase this insurance and to purchase it from Mesa. Mesa did not disclose that requirement or the initial term of the insurance coverage. The charge for property insurance is a Finance Charge which was not disclosed as such.

*JSR* (Doc. 10) at 2 (emphasis added).  In the *Pretrial Order*, dated April 13, 2010,

Mr. Alvarez repeated his assertions that "[d]efendant sold [him] a mobile home but failed

to *disclose the financing terms* as required by [TILA]" and that "Mesa failed to *provide [him]*

*with a retail installment contract or any other writing containing the terms of financing*."

(Doc. 34) at 2, 3 (emphases added).  Before trial, on April 16, 2010, Mr. Alvarez repeated

his claims that Mesa Financial did not make certain disclosures.  *Plaintiff's Proposed*

*Findings of Fact and Conclusions of Law* (Doc. 37).

> 2. Mesa's failure to *provide Mr. Alvarez a copy of any document containing the terms of financing* violated the [TILA], 15 U.S.C. §[§] 1638(a) and 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

3

> 3. Mesa's charge for credit insurance is a Finance Charge which was not disclosed, as required by the [TILA], 15 U.S.C. § 1638(a)(3) [sic] and Regulation Z, 12 C.F.R. § 226.18(d).
>
> 4. Mesa's charge for property insurance is a Finance Charge which was not disclosed, as required by the [TILA], 15 U.S.C. § 1638(1)(3) [sic] and Regulation Z, 12 C.F.R. § 226.18(d).

*Id.* at 2 (emphasis added).  No dispositive motions were filed by either side.

A trial was held on April 28, 2010.  *Clerk's Minutes* (Doc. 45).  One day later, on April 29, 2010, Mr. Alvarez submitted an amended set of proposed findings of fact and conclusions of law, which in relevant part, included:

> FINDINGS OF FACT
>
> . . . .
>
> 7. Mesa failed to *provide Mr. Alvarez with a copy of any document containing the terms of financing*, such as the Amount Financed, Finance Charge, Annual Percentage Rate, Total of Payments and payment schedule.
>
> CONCLUSIONS OF LAW
>
> . . . .
>
> 2. Mesa's failure to *provide Mr. Alvarez a copy of any document containing the terms of financing* violated the [TILA], 15 U.S.C. §[§] 1638(a) and 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

*Plaintiff's Amended (Post-Trial) Proposed Findings of Fact and Conclusions of Law* (Doc. 43) at 2 (emphases added).  The Court carefully reviewed the arguments of counsel and evidence presented at trial, as well as the pre- and post-trial submissions.  On May 10, 2010, the Court issued its *Decision* (Doc. 53) and *Final Judgment* (Doc. 54), finding in favor of Mesa Financial.  The Court concluded that Mr. Alvarez had "failed to establish by a

4

preponderance of the evidence that Defendant did not make the disclosures required by TILA and Regulation Z . . . ." *Decision* (Doc. 53) at 5.

## ANALYSIS

Mr. Alvarez asks the Court to reconsider its May 10, 2010 *Decision* (Doc. 53) because, he says, it "fails to address the central question of fact: whether Mesa Financial gave a copy of the contract, or any other written set of disclosures, to [him]." *Motion* (Doc. 56) at 2.  He argues that this matters because it determines whether Mesa Financial violated TILA.  *Id.*  Specifically, he cites to Regulation Z, 12 C.F.R. § 226.17(a)(1), which prescribes that the required disclosures be made "clearly and conspicuously in writing, *in a form that the consumer may keep.*"  *Id.* at 1 (emphasis added).  That is, he argues that whether Mesa Financial gave him a copy of the documents determines whether it made the disclosures "in a form that [he could] keep" and, therefore, whether it violated TILA.  *Id.* at 1–2.

Mesa Financial responds that the central issue in the case was not whether it gave copies of the documents to Mr. Alvarez but whether it made the "required disclosures in all proper ways."  *Response* (Doc. 60) at 1.  It further asserts that the issue of non-delivery was sufficiently addressed in the Court's Conclusion Number 12, which held that Mr. Alvarez had "failed to establish . . . that [Mesa Financial] did not make the disclosures required by TILA and Regulation Z . . . ."  *Id.* (*quoting Decision* (Doc. 53) at 5).

Relief under Rule 59(e) is appropriate only:  "[1] where the court has misapprehended the facts, a party's position, or the controlling law," *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted), "[2] to correct manifest errors of law[,] or [3] to present newly discovered evidence," *Phelps v.*

5

*Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  Relief is not appropriate to "advance arguments that could have been raised in prior briefing" but were not.  *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008) (internal quotation marks omitted).  That is, Rule 59(e) is not applicable where a plaintiff asserts a new argument or claim after a judgment is issued.  While "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), courts expect that lawyers "know the pleading rules of the road."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Lawyers, therefore, are expected to know that in order "to state a claim in federal court, a complaint must explain [among other things] what *specific legal right* the plaintiff believes the defendant violated."  *Id.* (emphasis added).  Identifying, with specificity, the legal right at issue provides courts "sufficient clarity to adjudicate the merits."  *Id.*  In other words, if a plaintiff wishes to assert a particular claim, he must identify the specific portion of the law that he believes was violated by the defendant, and if he fails to do so, he cannot find relief in Rule 59(e).

Here, Mr. Alvarez requests that the Court reconsider its *Decision* pursuant to Rule 59(e) because, he asserts, Mesa Financial violated subsection (a)(1) of Regulation Z's § 226.17, when it failed to give him the disclosures in a form that he could keep.  *Motion* (Doc. 55) at 1, (Doc. 56) at 1.  This argument, however, was not previously raised, and Mr. Alvarez does not explain why he waited to raise it.  For the first time, here, Mr. Alvarez requests a finding under subsection (a), but in his submissions, he never referred to subsection (a), rather he referred only to subsection (b), and each subsection has distinct requirements.

6

(a) Form of disclosures.

(1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures required by this subpart may be provided to the consumer in electronic form, subject to compliance with the consumer consent and other applicable provisions of the Electronic Signatures in Global and National Commerce Act (E-Sign Act) (15 U.S.C. 7001 et seq.). The disclosures required by §§ 226.17(g), 226.19(b), and 226.24 may be provided to the consumer in electronic form without regard to the consumer consent or other provisions of the E-Sign Act in the circumstances set forth in those sections. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related [FN37] to the disclosures required under § 226.18 or § 226.47. [FN38] The itemization of the amount financed under § 226.18(c)(1) must be separate from the other disclosures under § 226.18, except for private education loan disclosures made in compliance with § 226.47.

37 The disclosures may include an acknowledgment of receipt, the date of the transaction, and the consumer's name, address, and account number.

38 The following disclosures may be made together with or separately from other required disclosures: the creditor's identity under § 226.18(a), the variable rate example under § 226.18(f)(1)(iv), insurance or debt cancellation under § 226.18(n), and certain security interest charges under § 226.18(o).

(2) Except for private education loan disclosures made in compliance with § 226.47, the terms "finance charge" and "annual percentage rate," when required to be disclosed under § 226.18 (d) and (e) together with a corresponding amount or percentage rate, shall be more conspicuous than any other disclosure, except the creditor's identity under § 226.18(a). For private education loan disclosures made in compliance with § 226.47, the term "annual percentage rate," and the corresponding percentage rate must be less conspicuous than the term "finance charge" and corresponding amount under § 226.18(d), the interest rate under §§ 226.47(b)(1)(i) and (c)(1), and the notice of the right to cancel under § 226.47(c)(4).

7

> (b) Time of disclosures. The creditor shall make disclosures before consummation of the transaction. In certain residential mortgage transactions, special timing requirements are set forth in § 226.19(a). In certain variable-rate transactions, special timing requirements for variable-rate disclosures are set forth in § 226.19(b) and § 226.20(c). For private education loan disclosures made in compliance with § 226.47, special timing requirements are set forth in § 226.46(d). In certain transactions involving mail or telephone orders or a series of sales, the timing of disclosures may be delayed in accordance with paragraphs (g) and (h) of this section.

12 C.F.R. § 226.17(a)–(b). In relevant parts, subsection (a) requires the creditor to provide the required disclosures "in a form that the consumer may keep" and subsection (b) requires the creditor to make the disclosures "before consummation of the transaction."

Mr. Alvarez does not assert that he previously raised a claim under subsection (a), and he does not cite to any reference to subsection (a) or to the phrase "in a form that the consumer may keep"—on which he roots the instant *Motion*—in his *Complaint* or in any of his filings. *See Motion.* Moreover, the Court can find no such reference in the *Complaint* or any other filing. Although at trial Mr. Alvarez argued that Mesa Financial never gave him a copy of the documents, he failed to connect that factual allegation to subsection (a) at any time during the course of the litigation. Instead, throughout litigation, he connected his factual allegations to other portions of TILA and Regulation Z, including subsection (b).

At all times during this case, Mr. Alvarez has been represented by competent, experienced counsel, who was certainly aware of the requirements for asserting a claim under subsection (a), to wit, identification of subsection (a), among other things. Mr. Alvarez' submission, therefore, need not be liberally construed. Nevertheless, the Court meticulously reviewed the filings and trial evidence to determine Mr. Alvarez' legal claims and supporting factual allegations, and the Court ruled on the asserted claims in its

8

*Decision.*  The Court FINDS that neither amendment nor alteration of the judgment under Rule 59(e) is warranted here because it would be based on grounds that Mr. Alvarez could have, but did not, previously raise.

Moreover, even if Mr. Alvarez had timely presented his argument, it would still have failed because he did not meet his burden to show by a preponderance of the evidence that he did not receive the required disclosures in a form that he could keep.  Section 226.17(a) contemplates that its required disclosures could properly include an acknowledgment of receipt of such disclosures.  12 C.F.R. § 226.17(a) n.37 ("The disclosures may include an acknowledgment of receipt . . . .")

At trial, Mr. Alvarez admitted that the signatures on the disclosure forms were his. Each of the disclosure forms, which bear Mr. Alvarez' signature, indicates that he *received copies* of the forms.   Trial Ex. 17 ("Borrower(s) acknowledge receipt of a copy of this Combination Note, Security Agreement, and Federal Disclosure Statement."), Trial Ex. 18 ("I hereby acknowledge receipt of a true copy of this [Insurance] Notice on the 23rd day of January 2008").  The sole evidence that Mr. Alvarez presented to support his allegation that Mesa Financial never gave him copies of the required disclosures was his own testimony, which the Court did not find credible.  Mr. Alvarez failed to present sufficient evidence at trial to overcome the presumption of receipt of the documents created by his signatures. Thus, even if he had timely presented his current argument, it would have failed.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Reconsider Decision* (Doc. 55) be **DENIED**.

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

10